*334 SUPPLEMENTAL MEMORANDUM OF DECISION
WILSON, Judge.
It has come to the court’s attention that there has been a misunderstanding as to the import of the court’s Memorandum of Decision dated October 23, 2003, granting the Defendant’s Motion to Strike dated June 24, 2003. This Supplemental Memorandum is therefore issued to clarify the court’s decision and to restate the present status of the pleadings in this matter.
The Plaintiffs original complaint, which has never been withdrawn, was filed pursuant to the Mohegan Discriminatory Employment Practices Ordinance, MTO 2002-04 on December 9, 2002. The complaint, on a standard form supplied by the court, alleged that the Plaintiff, a 52 year-old female was “wrongfully terminated from employment with Mohegan Sun Casino/Resort as a hostess in Fidelia’s Restaurant.” The Plaintiff alleges that she was discriminated against in her termination based on, inter alia, race, gender, age, and physical disability. This sets forth a good cause of action under the ordinance.
Thereafter, the pleadings consisted of a series of requests to revise, followed by a like series of requested revisions. The most recent revision dated May 20, 2003, set forth (in addition to the original form complaint) nine counts containing various allegations, many duplicative of the original complaint. The Defendant moved to strike those nine counts as against the Defendant “Mohegan Sun.”[1]
The Defendants stated in their motion that “the only cognizable claims are those asserted against the Defendant MTGA under the Mohegan Discriminatory Practices Ordinance, MTO 2002-04, contained in Plaintiffs Discriminatory Employment Practices Complaint, filed together with her original complaint.”[2]
The court interpreted that to mean that the Defendants’ Motion to Strike did not address the Plaintiffs original complaint. The original Memorandum of Decision noted that the Defendants’ motion conceded that the Plaintiffs original complaint under the MTO 2002-04 does state cognizable claims as to the Defendant MTGA. The court also held that the Plaintiffs original complaint stated causes of action cognizable under Sec. 104 of the ordinance which proscribes certain employment practices including, inter alia, those based on account of individual’s race, gender, age, physical disability, or the exercise of certain protected rights.
Therefore, the original decision addressed only those other claims alleged in counts one through nine of the amended complaint. The court granted the motion (as to those nine counts) on the ground of redundancy as to the original complaint, and on the ground of sovereign immunity. Sovereign immunity was waived, however, as to the Defendant MTGA, for those claims expressly set forth in Sec. 108 of MTO 2002-04. The Plaintiffs original complaint was properly filed with this *335 court under Sec. 108, and the Defendants’ motion did not seek to strike it.
Hence, upon the granting of the Defendants’ Motion to Strike, the nine counts set forth in the Amended Complaint were dismissed; the original complaint was not.
The court acknowledges that the original Memorandum of Decision was not as clear on this point as it should have been, and apologizes to the parties for the misunderstanding it created.
Therefore, the only pleading presently subsisting is the original complaint dated November 30, 2002, filed December 9, 2002, as to the MTGA only.

. The Defendants correctly noted that ‘'Mohegan Sun” is a service mark of the Mohegan Tribal Gaming Authority (MTGA). The court treats the proper Defendant to be the MTGA.

. The original complaint, and the subsequent revisions, was also filed against the co-defendant William Velardo. The Defendants’ Motion to Strike argued that all claims against Velardo, including those set forth in the original complaint, must be dismissed entirely on the ground that Velardo was not the Plaintiffs employer. For the reasons set for in the original Memorandum of Decision, the court granted the Motion to Strike as to Velardo, thereby dismissing all claims against him. That decision stands. Henceforth, the term "Defendant” or "Defendants” refers to the MTGA.